UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JORDAN KING | § | |
|     Plaintiff, | § | CIVIL ACTION |
| | § | |
| VS. | § | NO. 3:14-cv-580 |
| | § | |
| HDM TRUCKING, INC. and | § | |
| GRIKENAS MINDAUGAS | § | |
|     Defendant. | § | |
| | § | JURY DEMAND |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JORDAN KING, hereinafter referred to as Plaintiff, complaining of HDM TRUCKING AND GRIKENAS MINDAUGAS, Defendants, and for cause of action would respectfully show as follows:

**A.  PARTIES**

1. Plaintiff, Jordan King is an individual who resides in Norman, Oklahoma.

2. Defendant, Grikenas Mindaugas is an individual who resides in New Port Richey, Florida. To the extent that he was obligated to designate a registered agent in Texas, he did not do so. As a result, he may be with process by serving Ted Houghton, Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483, which can forward the summons to Grikenas Mindaugas at 11739 Sweet Serenity Lane, New Port Richey, Florida 34654.  In addition, it is requested that summons issued so he can be served by certified mail, return receipt requested to Grikenas Mindaugas at 11739 Sweet Serenity Lane, New Port Richey, Florida 34654.

3. Defendant, HMD Trucking is an Illinois business with its principal place of business at 10031

Virginia Ave., Chicago Ridge, Illinois 60415. The ICC Termination Act of 1995 obligates an interstate motor carrier to designate a registered agent for each state in which the motor carrier operates. 49 U.S.C. § 13304. A federal regulation expresses the same obligation. 49 C.F.R. § 366.4 ("Every motor carrier (of property or passengers) shall make a designation for each state in which it is authorized to operate and for each state traversed during such operations."). HMD Trucking designated Process Agent Service Company, Inc. as its blanket agent, which, in turn, designated Jeffrey Fultz as HMD Trucking's registered agent in Texas. He can be served with process at 5625 Cypress Creek Pkwy., 6th Floor, Houston, Texas 77069.

## B. JURISDICTION & VENUE

4.      This Court has diversity jurisdiction under 28 U.S.C. 1332 because the Plaintiff and Defendants are domiciled in different states. The Plaintiff's claim for damages exceeds $75,000.

5.      Venue is appropriate pursuant to 28 U.S.C. 1391(b)(2) because the accident giving rise to this suit occurred in Dallas County, Texas.

## C.  FACTUAL SUMMARY

6.      On or about February 26, 2012, Plaintiff was a restrained passenger traveling northbound on IH35, in Dallas County, Texas.

7.      Defendant, Grikenas Mindaugas was operating an 18 wheeler and was traveling approximately two cars behind Plaintiff.

8.      Defendant Grikenas Mindaugas negligently failed to control his speed, striking the vehicle in front of him causing that vehicle to strike Plaintiff's vehicle as well as another vehicle.

9.      Defendant, HMD Trucking was the owner of the truck and employer of Mindaugas. Mindaugas was in the course and scope of his employment with HMD Trucking.

10.     Plaintiff will show that her injuries and damages were proximately caused by the negligence

of the Defendants.

### D.  CAUSES OF ACTION

**Negligence**

Against Grikenas Mindaugas and HMD Trucking *(Respondent Superior)*

11.     As indicated above, the accident made the basis of this suit was caused Mindaugas' negligent operation of the truck and trailer resulting in a hazardous condition on a public roadway. Mindaugas is negligent for the following reasons:

      a.     failing to keep a proper lookout;

      b.     failing to keep the vehicle under reasonable control;

      c.     failing to operate said vehicle in a reasonably safe condition; and

      d.     failing to control speed.

12.     Plaintiff will further show that, at all material times hereto, Defendant, Grikenas Mindaugas was acting within the course and scope of his employment or agency relationship with HMD Trucking, for the purposes of *respondent superior* liability at the time of the accident made the basis of this suit.

Against HMD TRUCKING (direct negligence)

13.     HMD TRUCKING is independently negligent for:

      a.     Negligently hiring Grikenas Mindaugas; and

      b.     Negligently training Grikenas Mindaugas.

### E.  DAMAGES

14.     Defendants' negligence was a proximate cause of the occurrence and of the following injuries and damages suffered by Plaintiff:

      a.     Plaintiff has been forced to incur reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and

   necessary medical expenses in the future;

  b. Plaintiff has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to endure physical pain and suffering in the future;

  c. Plaintiff has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer mental anguish into the future;

  d. Plaintiff has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer physical impairment into the future;

  e. Plaintiff has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer physical disfigurement into the future;

  f. Plaintiff has suffered lost earnings in the past and, in all reasonable probability, will continue to suffer loss of earning capacity into the future; and,

  g. Plaintiff sues for found damages in the past and future.

15. Plaintiff seeks damages in an amount that is within the jurisdictional limits of the court.

## F.  DEMAND FOR JURY

16. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## G.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, JORDAN KING, prays that, after trial on the merits, he have judgment against Defendants, for the following:

  a. a sum in excess of the minimum jurisdictional limits of this Honorable Court;

  b. pre-judgment interest thereon at the maximum legal rate;

  c. post-judgment interest thereon at the maximum legal rate;

  d. actual damages;

  e. costs of Court; and

  f. any and all such other and further relief, be it general or special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

GORDON, ELIAS & SEELY, L.L.P.


By: /s/ *Jeff Seely*
   Jeff Seely
   SBN 24033172
   Todd Elias
   SBN 00787427
   1811 Bering Drive, Suite 300
   Houston, Texas  77057
   (713) 668-9999 Telephone
   (713) 668-1980 Facsimile

**ATTORNEYS FOR PLAINTIFF,
JORDAN KING**